# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| | ) | |
| JESUS MALDONADO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | C.A. No. 25-00431-MSM-PAS |
| | ) | |
| DONALD J. TRUMP, et al., | ) | |
|     Defendant. | ) | |
| | ) | |

## ORDER

Mary S. McElroy, United States District Judge.

The Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2) along with his Complaint (ECF No. 1.) That motion requires the Court to determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required). The Court has reviewed both the Complaint, and the Addendum filed with it (ECF No. 1, 1-1), and finds that no plausible federal claim for relief is presented.

The Complaint seeks to sue President Donald J. Trump for what he alleges is a discriminatory attitude toward Latinos, in particular Puerto Ricans. He also sues some of the highest members of the United States Executive Branch for "do[ing] what the President is telling them to do or they will not have a job." There is no cause of action, nor is there a federal constitutional violation alleged here. A cause of action lies not in attitude but only for conduct. Mr. Maldonado has identified no violation of either the Eighth Amendment (he is a prisoner) or the Fourteenth Amendment

based solely on comments evidencing hostility even toward a protected class.   The acts of which he complains such as stopping people who appear to be Latino and entering restaurants and businesses owned by Latinos are too generalized to support an action for relief.   In addition, Mr. Maldonado, angered as he may be by what he observes on television and hears about, would lack standing to complain about these events happening to other people.   Therefore, the case is DISMISSED and the motions to Proceed *In Forma Pauperis* (ECF No. 2) and to Appoint Counsel (ECF No. 4) are DENIED as moot.

This is Mr. Maldonado's fourth federal lawsuit dismissed for failure to state a plausible claim for relief.  *See* Maldonado v. Nessinger, No. 1:23-cv-00195-WES-PAS, dismissed on August 16, 2023 (ECF No. 13); Maldonado v. Houston, No. 1:25-cv-00392-MRD-PAS, dismissed on August 22, 2025 (ECF No. 4); Maldonado v. Dixon Acosta, No. 1:25-cv-00393-JJM-PAS, dismissed on August 25, 2025 (ECF No. 5).  Prisoners are precluded from seeking *in forma pauperis* status in civil actions, or appeals in civil actions, if the prisoner "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it … fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Not only is this IFP Motion impermissible under § 1915(g), but Mr. Maldonado is also directed that he may not file any further action seeking IFP status unless he is in imminent danger and receives permission of the Court.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

September 5, 2025